### ADOLPHUS ORINO *vs.* ALBERT BELIVEAU.

Oxford County. Decided April 23, 1921. This is an action for money had and received and comes to the Law Court upon the following exceptions:

"This was an action of Assumpsit, wherein plaintiff, as assignee of one Oscar U. Sullivan, sought to recover the sum of six hundred and twenty-five dollars paid to defendant in satisfaction of a judgment in favor of said Sullivan against one Daniel H. McCafferty entered on Dec. 3, 1917, in the Supreme Judicial Court for Oxford County, and was tried by the Court without the intervention of a jury, right to

except as to matters of law being reserved, and after hearing the evidence submitted by the parties and the admissions made by them the Court found and decided and gave judgment in favor of the defendant and against the plaintiff and in and by said findings, decision and judgment ruled that defendant was entitled to credit for and on account of said sum of $625.00 for the following amounts, to wit, for the sum of $25.00 applied by defendant as due him for the costs of said action of *Sullivan* v. *McCafferty* and for the sum of $300.00 applied by defendant as compensation due him for · his services as attorney for said Sullivan in said action under agreement made by and between said Sullivan and defendant, and for $280.97 paid Rumford Trust Co. and for $25.00 paid said Sullivan and to said rulings, findings, decision and judgment in so far as thereby defendant was found entitled to credit for said sum of $25.00 costs and for said sum of $300.00 as agreed compensation and to each of said rulings, decisions and findings plaintiff excepts and prays that his exceptions may be allowed."

Upon the facts, the Justice ordered judgment for the defendant. From that finding, it appears that the defendant had collected $625.00 on the judgment in favor of Sullivan and had paid out over $300.00 of it, on Sullivan's account and retained $300.00 for his services, under a contract which Sullivan claims to be champertous. The plaintiff, Sullivan's assignee, accordingly brought an action for money had and received for the recovery from the defendant of the $300.00. No question is raised as to the money paid out on Sullivan's account.

There is little question that the agreement between Sullivan and the defendant was champertous, under the provision of R. S., Chap. 124, Sec. 12. Many states however, hold the other way.

The defendant claims that, even though the agreement was champertous, he is entitled to receive the value of his services upon a quantum meruit. It is the opinion of the court, however, that he cannot so recover, and that, consequently, the three hundred dollars which he held in his hands should not have been allowed against the plaintiff's claim. Exceptions sustained. *Joseph E. F. Connolly, and Clinton L. Palmer,* for plaintiff. *Albert Beliveau, pro see,* for defendant.